**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**DONESHA JACKSON**                                                                     **PLAINTIFF**

**v.**                                      **Case No. 4:24-cv-00445-KGB**

**ARKANSAS DEPARTMENT
OF HUMAN SERVICES**                                                          **DEFENDANT**

**ORDER**

Before the Court is plaintiff Donesha Jackson's emergency motion to disqualify counsel and stay discovery (Dkt. No. 28). Defendant Arkansas Department of Human Services ("DHS") responded and filed a separate motion to continue trial date (Dkt. No. 30). By separate Order, this Court ruled on Jackson's objection to deposition notice and emergency motion for protective order to which DHS responded (Dkt. Nos. 34; 36; 37). For the following reasons, the Court grants, in part, and denies, in part, Jackson's motion to disqualify counsel and stay discovery (Dkt. No. 28). The Court grants DHS's motion to continue trial date (Dkt. No. 30). The Court removes this case from the July 27, 2026, trial calendar and will enter by separate Order an amended Final Scheduling Order that sets a new trial date and resets pretrial deadlines.

I.      **Motion To Disqualify Counsel**

Jackson requests that DHS's counsel, James Christopher McNeal and the DHS Office of Chief Counsel be disqualified in this case (Dkt. No. 28, at 2). Jackson argues that McNeal and the Office of Chief Counsel should be disqualified under Arkansas Rule of Professional Conduct Rule 3.7 (*Id.*, at 3). Jackson argues that McNeal and the Office of Chief Counsel are prohibited from representing DHS because they were "primary actors in the facts." (*Id.*). DHS opposes Jackson's motion (Dkt. No. 30). DHS argues that Jackson fails to meet her burden to establish that the testimony Jackson refers to is material and that DHS's counsel has material evidence on the issue

of her termination (*Id.*).  DHS also argues that the litigation is not at the stage where disqualification would be appropriate, that Jackson fails to meet her burden to demonstrate that other witnesses are unable to testify about the relevant factual issues, and that there is no reason to believe, at a bench trial, the Court would be confused or mislead by DHS's counsel (*Id.*).  The Court finds that, at this time, disqualification of DHS's counsel is inappropriate.

Arkansas Rule of Professional Conduct 3.7 controls the act of a lawyer serving as a witness. Ark. R. Prof. C. 3.7.  Rule 3.7 provides that:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:  (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client[.]

Ark. R. Prof. C. 3.7.

The Arkansas Supreme Court explains that, when a party seeks to disqualify their opponents counsel under Rule 3.7, the moving party bears the burden of proof to establish that disqualification is proper.  *Helena County Club v. Brocato*, 535 S.W.3d 272, 274-75 (Ark. 2018). The Arkansas Supreme Court further explains that "the opposing party must demonstrate three things:  (1) that the attorney's testimony is material to the determination of the issues being litigated; (2) that the evidence is unobtainable elsewhere; and (3) that the testimony is or may be prejudicial to the testifying attorney's client."  *Id.*, at 275.  The requirement is necessary to prevent Rule 3.7 from "being used as a sword or a tactical measure to hinder the other party's case."  *Id*.

First, the Court is not convinced that DHS's counsel's testimony is material to the determination of the issues being litigated in this case.  The role that DHS's counsel plays as witness in this suit is limited to the subject matter of this suit.  Jackson has not offered any proof that DHS's counsel will provide any material testimony related to her claims in this suit. Moreover, if the Court were to consider Jackson's disqualification motion in the context of her

2

other suits, namely her claim that she was unlawfully terminated, Jackson has not provided proof that DHS's counsel was involved in her termination.

Second, the Court finds that Jackson does not sufficiently establish that the relevant testimony could not come from other sources. Jackson has not presented proof that other witnesses could not testify to the events about which she says DHS's counsel would necessarily testify.

Lastly, the Court concludes that Jackson fails to establish that the purported testimony is or may be prejudicial to DHS's counsel's client, DHS. Jackson has not produced to the Court sufficient evidence that DHS's counsel would present material testimony at trial or that the areas upon which DHS's counsel would testify are not obtainable from other sources. Without that information, the Court is unconvinced that DHS's counsel's purported testimony would prejudice DHS.

The Court denies without prejudice at this time Jackson's motion to disqualify DHS's counsel (Dkt. No. 28).

## II.    Motion For Continuance

The parties request a continuance in this matter but for different reasons (Dkt. Nos. 28; 30). DHS does not object to Jackson's request to continue the deadlines in the Court's January 5, 2026, Final Scheduling Order (Dkt. No. 30, at 5; *see* Dkt. No. 25). For good cause shown, the Court grants Jackson's motion to the extent it seeks a continuance of the deadlines in the Court's January 5, 2026, Final Scheduling Order (Dkt. No. 28). For good cause shown, the Court also grants DHS's motion to continue (Dkt. No. 30). The Court removes the case from the July 27, 2026, trial calendar. The Court will by separate Order enter an amended Final Scheduling Order that resets the trial dates and pretrial deadlines.

### III.    Conclusion

For the foregoing reasons, the Court grants, in part, and denies, in part, Jackson's motion to disqualify counsel and stay discovery (Dkt. No. 28).  The Court denies Jackson's motion without prejudice to the extent she seeks to disqualify DHS's counsel (*Id.*).  The Court grants Jackson's motion to the extent it seeks a continuance of the deadlines in the Court's January 5, 2026, Final Scheduling Order (*Id.*).  The Court also grants DHS's motion to continue trial date (Dkt. No. 30). The Court removes the case from the July 27, 2026, trial calendar.  The Court will by separate Order enter an amended Final Scheduling Order that resets the trial dates and pretrial deadlines.

It is so ordered, this 13th day of May, 2026.

_____
Kristine G. Baker
Chief United States District Judge